UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marcos L.,

          Petitioner,

v.

Kristi Noem, *et al.*,

          Respondents.

Civil No. 26-cv-676 (MJD/SGE)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Marcos L.'s[1] Petition for Habeas Corpus ("Petition", Dkt. 1) and Emergency Motion for Temporary Restraining Order (Dkt. 5). Marcos maintains that he was granted deferred action after U.S. Citizenship and Immigration Services ("USCIS") issued a Bona Fide Determination on his Form I-918, Petition for U Nonimmigrant Status ("U-visa"), and he argues that his detention violates his rights under the Immigration and Nationality Act, the Trafficking Victims Protection Reauthorization Act, and the Fifth Amendment to the United States Constitution. Respondents filed a response to the Petition and Emergency Motion. (Dkt. 10.) The matter has been referred to the undersigned by United States District Judge Michael J. Davis for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition be **GRANTED**.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner only by his first name and last initial.

1

## BACKGROUND

Marcos is a citizen of Mexico who has resided in the United States since February 15, 2008. (Pet. ¶ 24.) He has been in the United States for approximately 18 years. He received a Notice to Appear for removal proceedings on March 1, 2012. (Dkt. 4-1.) Marcos was released on a $20,000.00 bond the same day. (Dkt. 4-2.) Marcos submitted a Form I-918, U-1 Recipient, Petitioner for Nonimmigrant Status on October 26, 2022. (*Id.* ¶ 48.) USCIS determined his status is bona fide and he warrants a favorable exercise of discretion to receive employment authorization and on January 28, 2025, granted Marcos deferred action. (*Id.*) USCIS issued Marcos employment authorization and deferred action that is valid through January 30, 2029. (*Id.*; *see also* Dkt. 9.) On January 26, 2026, DHS arrested Marcos without a warrant. (Pet. ¶ 49.) Nothing in the record demonstrates that USCIS has revoked Marcos's deferred-action status or his employment authorization. He is currently being held at Fort Snelling near St. Paul, Minnesota. (*Id.* ¶ 1.)

The Court, United States District Judge Michael J. Davis, issued an Order to Show Cause on January 27, 2026, requiring Respondents to file an answer to the issues raised in the Petition and enjoining Respondents from removing Marcos from the District of Minnesota until a final decision is made in his Petition. (Dkt. 8.) Judge Davis specifically ordered:

> Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner Marcos L. by no later than January 29, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

(*Id.* ¶ 1.) Judge Davis further ordered:

> Respondents' answer should include:
>
> a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;
>
> b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;
>
> c. Respondents' recommendation on whether an evidentiary hearing should be conducted; and
>
> d. Whether Petitioner's current detention differs materially from cases such as *Jose J.O.E. v. Bondi*, No. 25-CV-3501 (ECT/DJF), 2025 WL 2466670 (D. Minn. Aug. 27, 2025), in which petitioners have been found entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).

(*Id.* ¶ 2.)

On January 28, 2026, Respondents filed a one-page Response to the Petition. (Dkt. 10.) Respondents stated that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and incorporated the arguments currently on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). Despite Judge Davis's order, Respondents failed to attach to their response any affidavits or exhibits to justify the lawfulness of Marcos's detention or any warrant justifying his arrest. (*See* Dkt. 10.) Marcos filed a reply on January 30, 2026, noting Respondents' failure to address the factual differences between this case and *Avila*, specifically including the fact that Marcos was under deferred action when he was taken into custody. (Dkt. 11 at 2-3.) Marcos also argued that courts in this District and across the country have ordered the prompt release of habeas petitioners who have been arrested despite having been deferred-action status. (*Id.* at 3-4.)

## ANALYSIS

Two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. In recent months, Respondents, have taken the position that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) applies to noncitizens, already in the United States, that entered without inspection. By incorporating the arguments put forward in *Avila*, Respondents argue that in these circumstances, noncitizens are not entitled to a bond hearing under 8 U.S.C. § 1226(a) as a matter of statutory interpretation. Marcos raises two distinct arguments: First, that his warrantless arrest despite having been granted deferred action status by USCIS pursuant to a Bona Fide Determination violates his rights to due process under the Fifth Amendment to the United States Constitution. Second, Marcos argues that if he is subject to detention under the INA, he is not subject to mandatory detention under § 1225(b)(2) and is instead subject to the discretionary framework of § 1226(a), which requires that he receive a bond hearing.

Marcos's first argument that he should never have been detained because he received a Bona Fide Determination and work authorization for a U-visa application is enough to require this Court to recommend his release. Judge Laura Provinzino carefully described the U-visa legal framework in *M.M. v. Shea.* Order Dismissing Habeas Petition, *M.M. v. Shea*, No. 25-cv-2830 (LMP/ECW) (D. Minn. Aug. 1, 2025), ECF. No. 24 at 2-5. That framework is incorporated herein by reference. *See id.*; *see also Nevarez Jurado v. Freden*, --- F. Supp. 3d ---, No. 25-cv-943 (LJV), 2025 WL 3687264, at *3-4 (W.D.N.Y. Dec. 19, 2025) (describing legal framework). "Deferred action" is "an exercise of prosecutorial discretion that defers the removal of the [noncitizen] based on the

4

[noncitizen's] case being made a power priority for removal" but "does not confer any immigration status upon a[] [noncitizen]." *See* Order Dismissing Habeas Petition, *M.M. v. Shea*, No. 25-cv-2830 (LMP/ECW) (D. Minn. Aug. 1, 2025), ECF 24 at 5 n.3 (alterations in original) (quoting New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53015 n.2 (Sep. 17, 2007) (codified at 8 C.F.R. § 214.14) ("U-visa Interim Rule")). When deferred action status is approved, that means "no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) (Scalia, J.) (quoting 6 C. Gordon, S. Mailman, & S. Yale-Loehr, *Immigration Law & Procedure* § 72.03[2][h] (1998)); *accord Nevarez Jurado*, 2025 WL 3687264, at *4. "[A]n ever-growing number of district courts across the country have concluded[] that an unrevoked grant of deferred action prevents removal." *Nevarez Jurado*, 2025 WL 3687264, at *8 (citing cases).

This Court takes guidance from *Nevarez Jurado*. Nevarez Jurado, like Marcos, had received a Bona Fide Determination on a U-visa application and was granted employment authorization and deferred-action status. *Id.* at *2. A few years later, Nevarez Jurado was detained by ICE, and a prior order of removal was reinstated. *Id.* "[N]othing in the record indicate[d] that USCIS ha[d] revoked Nevarez Jurado's grant of deferred action." *Id.*; *see also id.* at *9 n.10 ("USCIS apparently has done nothing to terminate Nevarez Jurado's deferred action."). The court concluded that because Nevarez Jurado's deferred action remained valid when he was detained, and that deferred action had not been revoked, he was "protected from removal." *Id.* at *10. Because Nevarez Jurado's "unrevoked grant of

5

deferred action" had not expired, he had shown that "there [was] no significant likelihood of his removal in the reasonably foreseeable future." *Id.* at *10 (quotation omitted). The court further determined that Nevarez Jurado's continued detention violated his due process rights under the Fifth Amendment. *Id.* at *10-12.

Respondents fail to make any arguments justifying Marcos's detention despite his employment authorization and deferred-action status. Judge Davis's January 27, 2026 Order to Show Cause directed Respondents' answer to the Petition to include any "affidavits and exhibits" that would "establish the lawfulness and correct duration of Petitioner's detention," but Respondents did not file any documentary support. The record before the Court fails to demonstrate that Marcos's employment authorization was revoked, that his deferred action status was terminated, or that a determination was made that the employment authorization or deferred action were "no longer warranted or were granted in error." (*See* Dkt. 4-4 (notifying Marcos that USCIS "reserve[d] the right to revoke [his] employment authorization and terminate the grant of deferred action at any time if it determines they are no longer warranted or were granted in error.")). Nothing in the record supports any argument that Respondents revoked Marcos's employment authorization or terminated his deferred-action status, and as such, there is no basis for his detention. *See Nevarez Jurado*, 2025 WL 3687264, at *10 (determining that because the petitioner's "unrevoked grant of deferred action" had not expired, he had shown that "there [was] no significant likelihood of his removal in the reasonably foreseeable future").

"In the context of deferred action recipients, district courts have found both immediate release and a bond hearing to be appropriate remedies." *Santiago v. Noem*, No.

6

EP-25-CV-361, 2025 WL 2792588, at *13 (W.D. Tex. Oct. 2, 2025); *accord Nevarez Jurado*, 2025 WL 3687264, at *12. USCIS has already determined that Marcos does not pose a "risk to national security or public safety" by virtue of its Bona Fide Determination and grant of employment authorization and deferred action. *See B.D.A.A. v. Bostock*, Civ No. 6:25-cv-02062, 2025 WL 3484912, at *5 (D. Or. Dec. 4, 2025) (quoting *Kothari v. Dir. of USCIS*, No. 3:24 C 50101, 2025 WL 732075, at *3 (N.D. Ill. Jan. 24, 2025)); *see also Nevarez Jurado*, 2025 WL 3687264, at *12 (noting that USCIS "determines whether the petitioner poses a risk to national security or public safety" and conducts "background and security checks" (quoting USCIS Policy Manual, Vol. 3, Part C, Ch. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last visited Feb. 2, 2026))). Accordingly, this Court will recommend Marcos's immediate release.

## RECOMMENDATION

Based on all the files, records, and proceedings herein, this Court hereby **RECOMMENDS** that:

1. the Petition (Dkt. 1) be **GRANTED**, and that Marcos L. be immediately released from detention into Minnesota, and that Respondents be ordered to return to Marcos L. his work permit, driver's license, and any other seized documents, property, or effects seized during his arrest; and

2. in light of the Petition being granted, Petitioner's Emergency Motion for Temporary Restraining Order (Dkt. 5) be denied as moot.

Dated: February 3, 2026

                                             *s/Shannon G. Elkins*
                                             SHANNON G. ELKINS
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to a magistrate judge's proposed findings and recommendations **within 2 days** of the filing of the Report and Recommendation without regard to weekends or holidays. A party may respond to those objections **within 2 days** after being served a copy of the objections without regard to weekends or holidays. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).